UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL TYRONE PERRY, #281249, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> SOUTH CAROLINA DEPARTMENT OF ) <br> CORRECTIONS; LEE CORRECTIONAL ) <br> INSTITUTION; WARDEN A.J. PADULA; ) <br> CAPTAIN RONNIE CRIBB; SMU ) <br> ADMINISTRATOR BRUCE OBERMAN; ) <br> JON OZMINT, FORMER DIRECTOR ) <br> OVER SCDC; DOCTOR EDWARD ) <br> STAHL; NURSE ADMINISTRATOR ) <br> YVONNE McDONALD; IGC C. JAMES; ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:12-1205-RMG-TER <br><br> **REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, is an inmate with the South Carolina Department of Corrections (SCDC) who was incarcerated at the Lee Correctional Institution (LCI)[1] at all times relevant to this Complaint . He brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant's Motion for Summary Judgment (Document # 55). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted and this case being dismissed. Plaintiff filed his Response on September 19, 2012.

All pretrial proceedings in this case were referred to the undersigned pursuant to the

---

[1] SCDC and LCI have been dismissed as Defendants in this action. See Order (Document # 44).

provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because the Motion for Summary Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS

Plaintiff filed this action on May 2, 2012. In his Complaint, Plaintiff enumerates six claims. In claim one, Plaintiff asserts that Defendants violated his constitutional rights by depriving him of a mattress for five months and forcing him to sleep on bare concrete. In claim two, Plaintiff alleges that the Inmate Grievance Coordinator, Defendant C. James, deprived him of his constitutional rights by failing to properly process his grievances. In his third claim, Plaintiff alleges that "the Director over S.C.D.C. William A. Byers" is responsible for SCDC policies encouraging illegal acts. Plaintiff's fourth claim does not appear to assert a separate cause of action. He simply lists the Defendants he is suing. In claim five, Plaintiff asserts that he is suing the LCI medical staff for medical malpractice. Within that claim, he asserts that the medical staff were deliberately indifferent to his serious medical needs in that they denied and delayed diagnosis and treatment as well as referral to a specialist outside LCI. Claim six appears to be a request for relief, in which Plaintiff requests actual damages in the amount of eight million dollars.

## III.    PLAINTIFF'S PREVIOUS ACTION

On March 6, 2009, Plaintiff filed an action in this court in which he alleged that his constitutional rights were violated when he was denied a mattress to sleep on. <u>Perry v. Obverman, et al</u>, 4:09-0551-TLW-TER (the 2009 action). Defendants in the present action, Padula, Cribb, and Oberman, were also Defendants in the 2009 action. The defendants filed a Motion for Summary Judgment (Document # 62 in 09-551) in which they argued that Plaintiff had failed to exhaust his

administrative remedies. Although Plaintiff filed grievances regarding the denial of a mattress, they were returned to him unprocessed because he did not file them within fifteen days of the alleged incident as required by SCDC Policy.[2] See Report and Recommendation (Document # 67 in 09-551) pp. 3-4. Plaintiff could have appealed his unprocessed grievances but failed to do so. Id. Thus, the undersigned entered a Report and Recommendation (Document # 67 in 09-551) recommending that the defendants' Motion for Summary Judgment be granted for Plaintiff's failure to exhaust his administrative remedies. Id. at p. 5.

Following the Report and Recommendation, Plaintiff filed a Motion for Extension of Time (Document # 69 in 09-551) asking the court to hold the matter in abeyance so he could try and exhaust his administrative remedies. The district judge denied the Motion for Extension of time, finding that it was uncontroverted that Plaintiff had failed to fully exhaust his administrative remedies prior to filing the Complaint, accepted the Report and Recommendation and entered summary judgment on July 8, 2010. Orders (Documents # 75, 76 in 09-551).

## IV.   STANDARDS OF REVIEW[3]

### A.   Rule 12(b)(6), Fed.R.Civ.P.

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the

---

[2] Defendants in the 2009 action submitted the Affidavit of Mary Coleman, in which she avers that Plaintiff did not comply with SCDC Policy GA-01.12, Inmate Grievance System, Section 13.1, which requires an inmate to file a grievance within fifteen days of the alleged incident. See Report and Recommendation pp. 3-4. Coleman avers that the incident took place on November 10, 2008, and Plaintiff did not file the grievance until January 29, 2009. Id.

[3] Although Defendants entitle their Motion as one for summary judgment, they argue that dismissal is appropriate pursuant to both Rule 56, Fed.R.Civ.P. and Rule 12(b)(6), Fed.R.Civ.P.

Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**B.     Rule 56, Fed.R.Civ.P.**

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a

material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V.  DISCUSSION

### A.  Res Judicata

Defendants argue that Plaintiff's claim regarding denial of a mattress is barred by the doctrine

of res judicata because this court previously ruled on that issue in the 2009 action. "Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgment, whether by increasing or decreasing the award or by reversing the result." Heckert v. Dotson, 272 F.3d 253, 258 (4th Cir.2001). "'For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits.'" Martin v. Am. Bancorp. Ret. Plan, 407 F.3d 643, 650 (4th Cir.2005) (quoting Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir.2004)). Further, res judicata not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Peugeot Motors v. Eastern Auto Distributors, 892 F.2d 355, 359 (4th Cir.1989) (quoting Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)); see also Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir.1991).

Plaintiff does not dispute that the present action involves the same claim with respect to the denial of a mattress as that raised in the 2009 action or that both actions involve the same parties. However, in his Response, Plaintiff argues that dismissal of the 2009 action was based on his failure to exhaust his administrative remedies and was not a final judgment on the merits. Defendants argue that the ruling in the 2009 action acts as an adjudication on the merits because Plaintiff's failure to exhaust his administrative remedies resulted from the untimely filing of his grievances, and thus, Plaintiff could not cure his failure to exhaust.

However, the Order in the 2009 action finds only that Plaintiff had failed to fully exhaust his administrative remedies prior to filing the Complaint. It makes no finding with respect to whether

-6-

Plaintiff could subsequently exhaust his administrative remedies and return to this court. Thus, the dismissal of the 2009 action would be preclusive only to the argument that Plaintiff actually had exhausted his remedies prior to bringing the 2009 action. See Barr v. U.S. Marshal's Service, No. 3:05-1208-CMC-JRM, 2006 WL 2475323, *1 (D.S.C. Aug. 24, 2006) (citing Jackson v. Irving Trust Co., 311 U.S. 494 (1941); Hill v. Potter, 352 F.3d 1142, 1147 (7th Cir.2003)) (finding that the prior court's dismissal of Plaintiff's Rehabilitation Act claim for failure to exhaust administrative remedies would be preclusive only to the argument that the prior court actually did have jurisdiction). See also Struna v. Shepherdstown Planning Commission, No. 3:09-cv-77, 2011 WL 862167, *4 (N.D.W.Va. Mar. 9, 2011) (holding there was no judgment on the merits in previous case because it was dismissed for failure to exhaust administrative remedies and, thus, current claim was not barred by res judicata). Thus, res judicata does not apply.

However, Defendants argue that Plaintiff nevertheless could not exhaust his administrative remedies subsequent to the dismissal of the 2009 action because he would still be outside the fifteen-day time limit for initially filing a grievance pursuant to SCDC policy. In his Response, Plaintiff argues that he filed a grievance regarding the denial of a mattress issue on September 2, 2011, and fully exhausted the issue on April 13, 2012. Response p. 2. Clearly, the September 2, 2011, grievance is outside the fifteen-day limitations period. Additionally, the September 2, 2011, grievance, which is attached to Plaintiff's Complaint, was filed at the McCorrmick Correctional Institution (MCI), where he is currently housed, rather than LCI, where he was housed at the time he was allegedly denied a mattress and addresses his neck and back injuries and his request for a new

mattress or additional foam to alleviate his pain.[4] Thus, dismissal is appropriate on Plaintiff's claim arising out of denial of a mattress for failure to exhaust his administrative remedies.[5]

### B.     Statute of Limitations

In addition, dismissal of the denial of a mattress claim is also appropriate as outside the statute of limitations. Plaintiff asserts in his Response that he was denied a mattress in October of 2008. Thus, the undersigned will presume that the event first occurred on October 31, 2008.[6] Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R .R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations")

---

[4] These are the issues addressed by the warden in his response. Plaintiff appears to submit the denial of a mattress as an explanation for his back and neck injuries.

[5] Even if Plaintiff did subsequently exhaust this issue through his grievances at MCI, for the reasons discussed below, his mattress claim is still subject to dismissal based upon the statute of limitations.

[6] Plaintiff's Complaint does not specifically state when he was first denied a mattress. However, he alleges that he attempted to initially file a grievance sometime between November 1, 2008, and January 28, 2009, Complaint p. 4, which supports his later assertion that he was first denied a mattress in October of 2008. Further support for this assertion comes from Plaintiff's Complaint in the 2009 action, in which he alleges that he was first denied a mattress on October 7, 2008. Complaint in 2009 Action (attached as an Ex. to Def. Motion). However, since no specific date in October is alleged in this action, out of an abundance of caution, the undersigned will presume the event occurred on October 31, 2008.

(internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C.Code Ann. § 15-3-530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006). Thus, even assuming Plaintiff was first denied a mattress October 31, 2008, his present action, which was filed May 2, 2012[7], falls outside the three-year statute of limitations.

Plaintiff first argues that this action "relates back" to the 2009 action, and, thus is timely filed. However, the relation back doctrine applies to amendments made to a complaint in the same action, see Rule 15(c), Fed.R.Civ.P. (subsection (c) entitled "Relation Back of Amendments"), and, thus, is inapplicable here.

Plaintiff also references S.C. Code Ann. § 15-3-40, which allows for the tolling of the statute of limitations for persons under a disability. Plaintiff argues that, as an inmate, Plaintiff fits within § 15-3-40's definition of those having a disability and, thus, he has "five year[s] to file or commence his action." However, while § 15-3-40 at one time included a tolling provision for person imprisoned for certain offenses, that provision was deleted by the South Carolina General Assembly in 1996. See 1996 S.C. Acts No. 234 (amending S.C.Code Ann. § 15–3–40 to delete the tolling provision for imprisoned persons); Kelly v. White, No. 10-982-JFA-TER, 2011 WL 939015, *3 (D.S.C. Mar. 16, 2011). Today, § 15-3-40 provides tolling of the statute of limitations for persons under the age or eighteen years or persons who are insane. S.C. Code Ann. § 15-3-40. Thus, this argument is without

---

[7]This is the filing date under Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

merit.

Finally, Plaintiff argues that Defendants should be equitably estopped from asserting a statute of limitations defense because of misrepresentations made by Defendant James, which prevented Plaintiff from timely filing his grievance. However, Plaintiff fails to point to any misrepresentations made by James that would give rise to equitable estoppel. See, e.g., Price v. Litton Business Systems, 694 F.2d 963, 965–66 (4th Cir.1982) (to prevail in equitable estoppel argument, plaintiff must show either "a deliberate design by the [defendant] or ... actions that the [defendant] should unmistakably have understood would cause the [plaintiff] to delay filing his charge"). Thus, this argument fails as well.

Accordingly, because Plaintiff's Complaint was filed more than three years after he was first denied a mattress, his claim is barred by the statute of limitations.

### C.     Failure to State a Claim

Defendants Stahl, McDonald, Byars and James also argue that Plaintiff also fails to state a claim against them upon which relief can be granted. As noted in footnote 2, although Defendants entitle this motion as one for summary judgment, the dismissal they seek for failure to state a claim is governed by Rule 12(b)(6) rather than Rule 56. Therefore, the court must look to the Complaint to determine whether it contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. Additionally, a federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Defendants Stahl and McDonald argue that Plaintiff has failed to state a claim against them

for medical malpractice or any constitutional violation. In South Carolina, "all plaintiffs asserting medical malpractice claims are required ... to comply with a specific notice requirement ...." Millmine v. Harris, No. 3:10–1595–CMC, 2011 WL 317643, at *1 (D.S.C. Jan.31, 2011).[8] Specifically, "[p]rior to filing or initiating a civil action alleging injury or death as a result of medical malpractice," South Carolina Code § 15–79–125 mandates that a "plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15–36–100...." Here, Plaintiff has failed to comply with the requirements of South Carolina Code §15-79-125. Accordingly, dismissal of Plaintiff's medical malpractice claim is appropriate.

However, Plaintiff also alleges that Defendants Stahl and McDonald were deliberately indifferent to his serious medical needs in that they denied and delayed diagnosis and treatment of his neck and back injuries and denied him a referral to a specialist outside LCI. Plaintiff alleges that he was treated with medications for pain, "which did nothing for the pain I am having." Complaint p. 6. Plaintiff alleges that he wrote to Nurse Yvonne McDonald on five occasions in May and June of 2009 requesting to see a specialist for his back and she responded that he would have to sign up for sick call because the doctor is the one who would have to refer him to a specialist. Plaintiff further alleges that when he did see Doctor Stahl in June of 2009, Stahl informed him that he did not need to see an outside specialist at that time. Plaintiff alleges that he subsequently saw a specialist

---

[8] For a medical malpractice claim, the plaintiff must establish by expert testimony both the "standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct." Martasin v. Hilton Head Health Sys. L.P., 364 S.C. 430, 613 S.E.2d 795, 799 (2005) (citation omitted). In South Carolina, the burden of proof in a medical malpractice case is entirely on the plaintiff. Dumont v. United States, 80 F.Supp.2d 576, 581 (D.S.C.2000).

on August 23, 2011, after he was transferred to the McCorrmick Correctional Institution, who diagnosed him with "tumors, bone damage, nerve damage, knots, chronic back pains, etc." Complaint p. 7. Plaintiff alleges that he suffered "pains and build up in injuries" as a result of Defendants McDonald's and Stahl's refusal to refer him to a specialist. Plaintiff's allegations indicate that he was treated for his back pain but he was not referred to a specialist as he requested. At most, Plaintiff's allegations indicate a disagreement in treatment between Plaintiff and the medical staff. However, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim. Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir.2010) (stating that a "prisoner's mere difference of opinion over ... a course of medical treatment fail[s] to rise to the level of a constitutional violation"); see also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988) (stating that a prisoner is entitled to medical care, not the treatment of his choice). Accordingly, dismissal of Plaintiff's § 1983 claim for deliberate indifference to serious medical needs is appropriate.

      Defendant Byars argues that Plaintiff has failed to state a claim against him as well. Plaintiff alleges that Byars is the director of SCDC and, as such, he had "control and management of the prison" and was "responsible for the officers, proper care, treatment, feeding, clothing, and management of the prisoners confined therein." Complaint p. 5. Plaintiff also alleges that Defendant Byars "make[s] the S.C.D.C. policy encouraging illegal acts." Id. Plaintiff does not allege any specific involvement by Defendant Byars in any of the alleged violations against him and Defendant Byars generally cannot be liable for the acts of other officers in § 1983 cases. "The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results

in illegal action." Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142–43 (4th Cir.1982). Although Plaintiff alleges that Byars established policies that encouraged illegal acts, he fails to set forth any such policies. Thus, even given the liberal construction afforded Plaintiff's pro se pleading, the Complaint fails to contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Accordingly, Plaintiff's claim against Defendant Byars is subject to dismissal.

Defendants also argue that Plaintiff has failed to state a claim against Defendant James, the Inmate Grievance Coordinator. Plaintiff alleges that James violated his constitutional rights by failing to properly process his grievances. It is well held that inmates have no constitutionally protected right to a grievance procedure within the prison system. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); Blagman v. White, 112 F.Supp.2d 534, 542 (E.D.Va.2000) (inmate has no constitutional entitlement to grievance procedure); Ashann–Ra v. Commonwealth of Virginia, 112 F.Supp.2d 559, 569 (W.D.Va.2000) ("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983"). Because "there is no constitutional right to participate in grievance proceedings," the alleged failure to process Plaintiff's grievances does not rise to the level of a constitutional violation. See Adams, 40 F.3d at 75. Therefore, even assuming Plaintiff's allegations regarding the processing of his grievances are true, Plaintiff still fails to state a claim against Defendant James and dismissal of that claim is appropriate.

## VI.  CONCLUSION

In sum, for the reasons discussed above, Plaintiffs' claim of a constitutional violation for depriving him of a mattress is barred for failure to exhaust administrative remedies and by the statute

of limitations. Thus, Defendants Padula, Oberman, and Cribb should be dismissed from this action. Furthermore, Plaintiff has failed to state a claim for medical malpractice or deliberate indifference to serious medical needs against Defendants McDonald, , Stahl, James or Byars. As such, it is recommended that Defendants' Motion (Document # 55) be granted, this case be dismissed in its entirety and all other pending motions be deemed moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 22, 2013
Florence, South Carolina

**The parties are directed to the important information on the following page.**