IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Tyrone Perry, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 4:12-1205-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| South Carolina Department of Corrections; ) | |
| Lee Correctional Institution; ) | |
| Warden A.J. Padula; Captain Ronnie Cribb; ) | |
| SMU Administrator Bruce Oberman; ) | |
| Jon Ozmint, Former Director over SCDC; ) | |
| Doctor Edward Stahl; Nurse Administrator ) | |
| Yvonne McDonald; IGC C. James, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending the Court grant Defendants' motion for summary judgment. (Dkt. Nos. 55, 100). For the reasons set forth below, the Court grants the motion as to Plaintiff's claims for 1) violation of his constitutional rights due to deprivation of his mattress; 2) deprivation of his constitutional rights due to failure to properly process his grievances; 3) violation of his constitutional rights due to Defendant Byers' policies encouraging illegal acts; and 4) deliberate indifference to his serious medical needs; and dismisses Plaintiff's medical malpractice claim without prejudice.

**Background**

Plaintiff Michael Tyrone Perry, acting *pro se*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). An inmate with the South Carolina Department of Corrections ("SCDC") who was incarcerated at the Lee Correctional Institution ("LCI"), Plaintiff asserts five claims: 1) violation of his constitutional rights due to deprivation of his mattress; 2) deprivation

of his constitutional rights due to failure to properly process his grievances; 3) violation of his constitutional rights due to Defendant Byers' policies encouraging illegal acts; 4) medical malpractice; and 5) deliberate indifference to his serious medical needs. (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to the Magistrate Judge for pretrial handling. On August 13, 2012, Defendants filed a motion seeking summary judgment. (Dkt. No. 55). The Court issued a *Roseboro* order (Dkt. No. 57), and Plaintiff filed a response opposing this motion. (Dkt. No. 74). Defendant then filed a reply. (Dkt. No. 76). On January 22, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted. (Dkt. No. 100). Plaintiff timely filed his objections to the R&R. (Dkt. No. 103). On February 11, 2013, Defendants filed a response to the Plaintiff's objections. (Dkt. No. 105). Plaintiff then filed two supplemental objections. (Dkt. Nos. 106, 107).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## Discussion

In his objections to the R&R, Plaintiff disputes the Magistrate Judge's decision to grant summary judgment. Regarding his claim arising from the alleged denial of a mattress, Plaintiff argues that "defendants were incorrect in determining that he could not cure his unexhausted

grievance remedies." (Dkt. No. 103 at 1). However, Plaintiff could not exhaust his administrative remedies for two reasons. Plaintiff failed to file his inmate grievance within the 15 days permitted under SCDC policy (Dkt. No. 103-3 at 3), and Plaintiff failed to appeal his inmate grievances in the 2009 action, which resulted in the dismissal of the action for failure to exhaust administrative remedies. (Dkt. No. 55-3 at 3). On May 2, 2011, SCDC notified Plaintiff that as a result of his failure to timely process his inmate grievance he would be unable to re-file his grievance. (Dkt. No. 103-2 at 1).

Furthermore, the Court agrees with the Magistrate Judge that Plaintiff's claim arising from the denial of a mattress is barred by the statute of limitations. In determining the proper statute of limitations in a § 1983 claim, federal courts apply the forum state's statute of limitations for personal injury claims. *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th. Cir. 1991). The statute of limitations in South Carolina is three years for personal injury claims. S.C. Code §15-3-530(5). Plaintiff objects as to when the statute of limitations began to run, stating that it did not begin until "he knew of the injury." (Dkt. No. 103 at 5.). However, Plaintiff clearly knew of the injury giving rise to this action by January 29, 2009 because his grievance claiming the denial of his mattress was filed that day. (Dkt. No. 55-2). Plaintiff filed the present civil action on May 2, 2012. (Dkt. No. 1, 1-3). Therefore, this action is barred under the statute of limitations.

The Magistrate Judge recommended denying Plaintiff's deliberate indifference claim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 100 at 11-12). Plaintiff alleges Defendants Dr. Stahl and Nurse Yvonne McDonanld were deliberately indifferent to his serious medical needs in that they delayed diagnosis and treatment of his neck and back injuries and denied him a referral to an outside specialist. The Magistrate

Judge concluded that these allegations failed to state a claim because they alleged at most a disagreement as to the appropriate treatment for Plaintiff's complaints. Plaintiff objects that his allegations are indeed sufficient to state a claim, and he supplied to the court medical records in support of his claims. (Dkt. No. 103-4).

The Court declines to reject Plaintiff's claim as insufficiently pleaded, but holds that the evidence on record does not support the claim and therefore dismisses it pursuant to Rule 56 of the Federal Rules of Civil Procedure. The records provided by Plaintiff reflect that Plaintiff complained of back pain on March 3, 2009 and then was seen by Dr. Stahl on March 9, 2009. Dr. Stahl prescribed to Plaintiff Baclofen and Piroxicam for his back pain. A nurse then saw Plaintiff on April 10, 2009. Plaintiff complained of a knot in his back and requested stronger medication. The nurse noted Plaintiff's back muscles were tight and stated he would defer to Dr. Stahl regarding whether a change or increase in medication would be necessary. Plaintiff again saw a nurse on May 21, 2009 and stated the Baclofen was not helping. The nurse told Plaintiff his complaints would be forwarded to Dr. Stahl and that he would be given a Williams flexion exercises sheet. Plaintiff also requested in late May or early June 2009 the terms necessary to see an outside physician. On June 5, 2009 Plaintiff again saw Dr. Stahl. He complained of back pain and that the Baclofen was not helpful. Dr. Stahl then prescribed Methocarbamol to Plaintiff for his pain in place of Baclofen and ordered Plaintiff to continue his Williams exercises. On June 18, 2009 Plaintiff saw a nurse and complained the Methocarbamol was not working and requested to see an outside physician. On August 27, 2009 Plaintiff saw a nurse and again complained of back pain. The nurse noted small nodes in his back, and gave Plaintiff Tylenol and ordered Acetaminophen and Ibuprofen for his pain. The nurse noted he would defer to the doctor whether to have an x-ray performed or whether a different drug needed to be prescribed.

The next recorded encounter with medical professionals where Plaintiff mentioned back problems is dated October 15, 2009 and took place at a different SCDC facility indicating a transfer from LCI.

This record, when viewed in a light most favorable to Plaintiff, does not create a genuine issue of material fact regarding whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Here, the record shows Plaintiff was consistently seen by medical professionals at LCI who attempted to resolve Plaintiff's pain issues by prescribing several different medications and therapies. Clearly, Plaintiff feels he should have been seen by an outside specialist or received an x-ray, however, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *see also Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.") (internal citation omitted). Thus, the Court grants Defendants' motion for summary judgment regarding Plaintiff's claim for deliberate indifference.

The Court agrees with the Magistrate Judge that Plaintiff's claims regarding the processing of his grievances and Defendant Byers' alleged "illegal policies" should be dismissed. It is well settled that prisoners have no constitutionally protected rights to a grievance procedure within the prison system. *Adams v. Rice*, 40 F.3d. 72, 75 (4th Cir. 1994). Further, Plaintiff has set forth no policies which he alleges were illegal. Plaintiff has not made any

objections to these findings. After review of the record and the applicable law, the Court finds the Magistrate Judge properly determined that these claims should be dismissed as a matter of law.

Plaintiff's only remaining objection concerns his medical malpractice claim. The Magistrate Judge recommended denying Plaintiff's medical malpractice claim because he failed to file a notice of intent to file suit and an expert affidavit as required by S.C. Code § 15-79-125. Plaintiff objects that he did indeed transmit these materials to the Lee County Court of Common Pleas and sent several requests for information to that court regarding the materials. (Dkt. No. 103 at 10). The Court, however, need not reach this issue. As shown above, the Court has dismissed all federal claims in Plaintiff's complaint. The Court declines to exercise its supplemental jurisdiction on this remaining state law issue and therefore dismisses it without prejudice. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).

## Conclusion

As set forth above, the Court GRANTS Defendants' motion for summary judgment and DISMISSES with prejudice Plaintiff's claims alleging: 1) violation of his constitutional rights due to deprivation of his mattress; 2) deprivation of his constitutional rights due to failure to properly process his grievances; 3) violation of his constitutional rights due to Defendant Byers' policies encouraging illegal acts; and 4) deliberate indifference to his serious medical needs. The Court further DISMISSES without prejudice Plaintiff's medical malpractice claim.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 25, 2013
Charleston, South Carolina