IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Tyrone Perry, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>South Carolina Department of Corrections; )<br>Lee Correctional Institution; )<br>Warden A.J. Padula; Captain Ronnie Cribb; )<br>SMU Administrator Bruce Oberman; )<br>Jon Ozmint, Former Director over SCDC; )<br>Doctor Edward Stahl; Nurse Administrator )<br>Yvonne McDonald; IGC C. James, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 4:12-1205-RMG<br><br>**ORDER** |

This matter is before the Court on the Plaintiff's motion to alter or amend a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Dkt. No. 113). For the reasons set forth below, this motion is denied.

### Background

On February 25, 2012, the Court issued an order granting Defendants' motion for summary judgment as to all Plaintiff's claims except for his medical malpractice claim which the Court dismissed without prejudice. (Dkt. No. 110). Plaintiff then filed the present motion requesting the Court reconsider this order. (Dkt. No. 113).

### Legal Standard

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

1

(3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted).

## Discussion

Plaintiff requests the Court reexamine the facts of the case and the law regarding Defendants' failure to exhaust administrative remedies and statute of limitations defenses to his claim arising from his denial of a mattress. The Court finds no clear error in its holding on these issues. As held in the previous suit filed by Plaintiff on this issue, the alleged incident occurred on November 10, 2008, and Plaintiff did not file his grievance until January 29, 2009, in excess of the fifteen days required by the South Carolina Department of Corrections ("SCDC") grievance policy. The grievance was rejected as untimely on February 2, 2009. Plaintiff did not appeal the denial of his grievance as required by SCDC policy. *Perry v. Obverman*, C/A No. 4:09-551, 2010 WL 2721204, at *2 (D.S.C. Apr. 20, 2010), *report and recommendation adopted by*, 2010 WL 2720921 (D.S.C. July 8, 2010). Plaintiff's failure to file a timely grievance and follow SCDC's appeal policies is fatal to his claim. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (holding a prisoner must comply with an agency's deadlines and other critical procedural rules before filing a § 1983 claim).

Regarding Defendants' statute of limitations defense, Plaintiff asserts the time to file his complaint should have been tolled while he exhausted his administrative remedies. However, filing of an untimely grievance does not operate to toll the statute of limitations, and the Court therefore has no reason to revisit its analysis of this issue. *Winston v. Kelly*, No. 5:10CV180, 2013 WL 593558, at *2 (E.D. Ark. Feb. 15, 2013); *Hills v. S.C. Dep't of Corr.*, C.A. No. 4:05-319-JFA, 2006 WL 2583752, at *5 (D.S.C. Sept. 6, 2006).

## Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion to alter or amend a judgment. (Dkt. No. 113)

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

March 14, 2013
Charleston, South Carolina